IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DOROTHY WENZEL, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.                                              Civil Case No. 3:14-cv-432

GLADE M. KNIGHT, et al.,

    Defendants.

## MEMORANDUM OPINION

Two companies instituted programs through which their shareholders could reinvest their dividends in the company and receive additional shares. Dorothy Wenzel, a shareholder of one of those companies, brings this putative class action and alleges that the directors, managers, and advisors of those companies knew the price they charged for shares far exceeded their fair market value. She asks the Court to find that the directors and managers breached their fiduciary duties to shareholders and that the advisors hired to operate the companies aided and abetted those breaches while also negligently overvaluing the shares. The defendants filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Wenzel brings three counts. Count I alleges a class claim against the Directors and Managers for breach of the fiduciary duty of care and loyalty to the A7 and A8 shareholders. Count I also includes a separate claim against A7 and A8's advisors, who Wenzel alleges aideed and abetted the fiduciary breach. Count II alleges a class claim against the Directors and Managers for breach of the fiduciary duty of loyalty and candor in the issuance of false and misleading materials to A7 and A8 shareholders. Finally, Count III alleges a claim against the three entities hired to advise A7 and A8 for negligence and gross negligence.

First, Wenzel lacks standing to sue on behalf of A7 shareholders. Her injury, though similar to the alleged injury of an A7 shareholder, arises from the operation of A8. Accordingly, her injury is not fairly traceable to A7, and the Court's decision on A7's liability would have no effect on Wenzel. Therefore, insofar as the complaint alleges claims against A7, the Court grants the motion to dismiss.

Second, Wenzel's complaint fails to state claim against A8. With respect to Counts I and II, she brings direct class claims for fiduciary breach, but under Virginia law those claims must be brought derivatively. And, without an underlying fiduciary breach, there can be no aiding and abetting of a fiduciary breach. With respect to Count III, Wenzel fails to provide sufficient factual support regarding the existence of a duty that the Advisor Entities owed her. Because each count fails to state a claim, the Court grants the motion to dismiss.

Although Wenzel's complaint fails to state a claim, the Court will grant Wenzel leave to amend her complaint within 21 days, if she so chooses.

## I. MATERIAL FACTS

Apple REIT Seven, Inc., and Apple REIT Eight, Inc., are real estate investment trusts ("REITs") based out of Richmond, Virginia.[1] An REIT is an investment vehicle that uses shareholders' money to purchase and operate revenue-generating properties. Defendants Glade Knight, Michael Waters, Robert Wily, James Barden, Kent Colton, Glenn Bunting, and Lisa Kern sat on the boards of directors for either A7 or A8 (collectively, "the Directors"). Defendants Justin Knight, David McKenney, Kristian Gathright, Bryan Peery, as well as Glade Knight formed the executive management of A7 and A8 (collectively, "the Managers"). Three

---

[1] In March 2014, A7 and A8 merged into Apple REIT Nine, Inc., which subsequently changed its name to Apple Hospitality REIT, Inc. For clarity's sake, the Court refers to A7 and A8 in their pre-merger forms.

additional entities provided advisory and day-to-day management services to A7 and A8: Apple Seven Advisors, Inc.; Apple Eight Advisors, Inc.; and Apple Fund Management LLC (collectively, "the Advisor Entities").

At the formation of A7 and A8,[2] shareholders could purchase the first five percent of shares for $10.50 each; after that, shareholders could purchase shares for $11 each. Starting in 2007 and 2008, respectively, A7 and A8 offered their shareholders the opportunity to participate in a dividend reinvestment program ("DRIP"), through which shareholders could use dividends to purchase more shares of the REIT. Because A7 and A8 shares cannot be purchased on a public trading market, both A7 and A8 effectively set their own share prices. For the purposes of the DRIP, the share price was set at "the most recent price at which an unrelated person has purchased our units ... unless and until the board decides to use a different method for determining the fair market value of our units."[3] Compl. ¶ 36. Thus, unless the boards of A7 and A8 set a different price for DRIP shares, the price would remain the same as it was when the last non-shareholder bought into the REIT: $11 each.

From the inception of the A7 and A8 DRIPs in 2007 and 2008, respectively, until 2011, each maintained $11 as the fair market value of their shares. Wenzel alleges that the defendants knew $11 was far too high a price to pay. She points to third-party analyses that suggested A7 and A8 shares were worth less than $11 and purchase offers that valued the A7 and A8 shares as somewhere between $4 and $5 each. Additionally, Wenzel says the SEC investigated A7 and A8 and discovered that the REITs' internal analyses showed they knew $11 overvalued the fair market value of their shares.

---

[2] A7 began selling shares in May 2005. A8 began selling shares in 2007. Compl. ¶ 1.
[3] A7 and A8 stated these pricing rules on separate Form S-3 Registration Statements, but the language from each is substantially the same. Compl. ¶ 36.

## II. DISCUSSION

Wenzel brings three counts in her complaint. Count I alleges a class claim against the Directors and Managers for breach of the fiduciary duties of loyalty and care and against the Advisor Entities for aiding and abetting in the fiduciary breach. Count II alleges a class claim against the Directors and Managers for breach of the fiduciary duties of loyalty and candor. Count III alleges claims of negligence and gross negligence against the Advisor Entities. The defendants move to dismiss Wenzel's complaint.

### 1. The Court Denies the Motion to Strike[4]

The defendants move the Court to strike references to an SEC Order from Wenzel's complaint. According to Wenzel, the Order provides factual support for her allegations that the directors knowingly overpriced the value of A7 and A8 shares. A Rule 12(f) motion to strike allows the Court to strike "from any pleading any insufficient defense or redundant, immaterial, impertinent or scandalous matter." *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (quoting Fed. R. Civ. P. 12(f)). The movant must show that the allegations are "the type envisioned by the rule and prejudicial." *Brown v. Inst. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005).

The defendants do not show that the allegations derived from the SEC settlement order are "redundant, immaterial, impertinent, or scandalous" or otherwise prejudicial. Instead, they point only to *Lipsky v. Commonwealth United Corporation*, 551 F.2d 887 (2d Cir. 1976), a

---

[4] "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)); *see also Merritt v. WellPoint, Inc.*, 615 F. Supp. 2d 440, 444 (E.D. Va. 2009) (explaining that striking under Rule 12(f) is a "drastic remedy" that is "infrequently granted").

4

Second Circuit decision that affirmed a district court's striking of all references to an SEC complaint that were "entirely immaterial" based on the inadmissibility of that complaint. 551 F.2d at 893-94. The defendants appear to argue that *Lipsky* stands for the broad proposition that any reference to an SEC order in a pleading must be struck under Rule 12(f). Setting aside the fact that no opinion from the Fourth Circuit or any district court in the Fourth Circuit adopts that position, that broad interpretation of *Lipsky* lacks cohesive support even among the district courts on which *Lipsky* is binding. *See In re OSG Securities Litig.*, 12 F. Supp. 3d 619, 621 n.8 (S.D.N.Y. 2014) (listing Second Circuit district court decisions declining to apply this broad meaning to *Lipsky*).

More importantly, the references to the SEC order bear direct relation to the allegations at issue in this case, and the defendants have not shown how they are prejudiced by the complaint's references to the SEC order. Accordingly, the Court denies the motion to strike.

### 2. The Court Grants the Motion to Dismiss

#### a. *Wenzel Lacks Standing for the Claims against A7*

The defendants argue that Wenzel lacks standing to bring claims on behalf of A7 shareholders because she purchased only A8 shares. Article III of the United States Constitution requires that a plaintiff have standing to maintain an action in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The well-established test for standing requires the plaintiff to show an actual personal injury that is fairly traceable to the defendant's alleged conduct and can be redressed by the court. *See Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). "[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of

the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

Plainly stated, although her injury parallels the injury of an A7 shareholder, Wenzel alleges no personal injury deriving from the handling of A7's DRIP or the pricing of A7 shares. There is no obvious hindrance that prevents an A7 shareholder from asserting these claims against A7's management and directors. *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004) (explaining third-party standing can exist if the plaintiff "has a close relationship with the person who possesses the right" and there is some "hindrance" preventing that person from bringing their own action). If Wenzel brought her action with a plaintiff from A7, then the Court could determine that efficiency and judicial economy favor allowing both claims to move forward as one case. But Wenzel cannot stand in for an A7 shareholder.

Because Wenzel's injury derives from her status as a shareholder in A8 and participant in A8's DRIP, she possesses standing to pursue claims for those injuries. Wenzel does not allege that she ever owned shares in A7 or participated in A7's DRIP, so she cannot pursue claims related to those entities. Wenzel argues that the injuries to A7 and A8 were the part of a single course of conduct among the two companies and groups of directors, but the injuries are distinct. Resolution of the claims as they relate to A7 would provide no relief to Wenzel. The Court therefore dismisses Wenzel's claims insofar as they relate to A7.

### b. Counts I and II Must Be Brought Derivatively

In Virginia, shareholders may assert claims of fiduciary breach against corporate directors only through shareholder derivative suits. *See Simmons v. Miller*, 261 Va. 561, 576, 544 S.E.2d 666, 675 (2001); *see also DCG&T v. Knight*, 2014 WL 7272941, at *3-5 (E.D. Va. Dec. 18, 2014). Wenzel argues that her suit seeks relief for individual injuries and not injuries to

A7 or A8, so she can maintain her suit as a direct class action. But Virginia law makes no such distinction: "suits for breach of fiduciary duty against officers and directors must be brought derivatively on behalf of the corporation and not as individual shareholder claims." *Id.*; *see also Remora Investments, LLC v. Orr*, 277 Va. 316, 323 673 S.E.2d 845, 848 (2009) (recognizing that under Virginia law, "corporate shareholders cannot bring individual direct suits against officers or directors for breach of fiduciary duty, but instead shareholders must seek their remedy derivatively on behalf of the corporation").

Counts I and II both assert claims for breach of fiduciary duty against the directors of A7 and A8, but do so in a direct class action. Under Virginia law, those claims must be asserted as shareholder derivative claims. Accordingly, Counts I and II fail to state a claim upon which relief may be granted.

With respect to the aiding and abetting claim within Count I, there can be no claim for aiding and abetting of a breach of fiduciary duty without an underlying breach by a fiduciary. *Cf. Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 661, 604 S.E.2d 403, 413 (2004) (discussing the need for a plaintiff to "assert that the defendant somehow recruited enticed, or participated in *the fiduciary's breach of its duty*") (emphasis added). Wenzel does not sufficiently plead claims for fiduciary breach. Accordingly, the claims for aiding and abetting likewise fail.

The Court grants the motion to dismiss Counts I and II.[5]

---

[5] The Court notes that several defenses raised by the defendants are premature for a Rule 12(b)(6) motion, which tests only the sufficiency of the complaint. Defenses such as the applicability of the business judgment rule, exculpatory clauses, or the sufficiency of A7 and A8's factual disclosures present questions of fact to be resolved later in this litigation. *See Republican Party of N.C. v. Martin*, 960 F.2d 943, 952 (4th Cir. 1992).

### *c. Count III Fails to State a Claim for Negligence*

To state a claim for negligence in Virginia, the plaintiff "must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000). Although the existence of a legal duty is a question of law, *see Thompson v. Skate Am.*, 261 Va. 121, 127, 540 S.E.2d 123, 126 (2001), a plaintiff must plead sufficient facts to support the existence of a duty. Here Wenzel fails to do that.

Wenzel states that the Advisor Entities "were under a duty to shareholders of A-7 and A-8" without explaining the nature or foundation of that duty. Without more facts, the Court cannot properly determine the existence of any duties that the Advisor Entities may have owed Wenzel. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Because the complaint fails to provide sufficient facts supporting the existence of a duty, Count III fails to state a claim for negligence.

## III. <u>CONCLUSION</u>

Because each of the three counts in Wenzel's complaint fail to state a claim upon which the Court may grant relief, the Court GRANTS the defendants' motion and DISMISSES the complaint without prejudice. The Court will grant Wenzel leave to amend her complaint, if she so chooses, within 21 days.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: January 14, 2015
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge